UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM STEVENSON,<br><br>Defendant. | 4:21-CR-40007-04-KES<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO SEVER |

Defendant, William Stevenson, moves to sever Counts 1 and 2 of the Second Superseding Indictment. Docket 192. The United States opposes the motion. Docket 197. For the following reasons, the court denies Stevenson's motion to sever.

## BACKGROUND

On January 12, 2021, a Grand Jury returned an indictment charging Stevenson with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 1. On August 3, 2021, a grand jury returned a superseding indictment charging Stevenson with the same count as the original indictment but with two fewer co-defendants listed. Docket 84. Finally, on January 4, 2022, a grand jury returned a second superseding indictment charging Stevenson with two counts. Docket 164. Count 1 charged Stevenson with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count 2 charged Stevenson with obstructing justice by retaliating against a witness, victim, or

informant in violation of 18 U.S.C. § 1513(b)(2). *Id.* Stevenson now moves to sever Counts 1 and 2 for trial. Docket 192.

## DISCUSSION

Stevenson argues that joinder of Counts 1 and 2 is prejudicial. Docket 193 at 5-8. The United States counters that joinder would not be unduly prejudicial to Stevenson because the evidence regarding Count 1 is interrelated with the evidence regarding Count 2. Docket 197 at 5-7. Thus, the court must determine whether severance of Counts 1 and 2 is warranted.

Federal Rule of Criminal Procedure 8(a) provides that an indictment may charge a defendant in separate counts with two more offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8 is interpreted broadly, favoring joinder of offenses. *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Federal Rule of Criminal Procedure 14(a) permits severance of joined counts when joinder "appears to prejudice a defendant or the government." Whether it is proper to sever a trial that may be appropriately joined under Rule 8(a) is left to the court's "sound discretion" and will be reversed only if the defendant "shows an abuse of discretion resulting in severe prejudice." *Steele*, 550 F.3d at 702.

In *United States v. Colhoff*, the Eighth Circuit held that the joinder of a conspiracy to distribute a controlled substance charge with a witness tampering charge was proper. 833 F.3d 980, 983-84 (8th Cir. 2016). There, the defendant threatened a witness who testified in a related conspiracy to

distribute controlled substance trial. *Id.* at 982-83. The court reasoned that "joinder of a tampering or obstruction charge with an underlying substantive offense is proper, because the former is 'connected to, and interrelated with' the latter." *Id.* at 983 (quoting *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005)). It further noted that there was evidentiary overlap between the conspiracy charge and the witness tampering charge that illustrated the interrelatedness of the two. *Id.* Specifically, "[e]vidence of [defendant's] attempted tampering would have been admissible in a stand-alone conspiracy trial as an act in furtherance of the conspiracy to show the existence of an agreement. [And] [a]t least some evidence of the drug conspiracy would be admissible to show motive in a stand-alone prosecution for attempting to intimidate [the witness]." *Id.* (internal citation omitted). Thus, because evidence relating to both charges would have been admissible in standalone trials for either of them, the court held that joinder was proper and did not prejudice defendant.

Here, the court finds that *Colhoff*'s reasoning dictates that Counts 1 and 2 be joined. Stevenson allegedly retaliated against an alleged co-conspirator because of the co-conspirator's cooperation with law enforcement. This retaliation is the basis for Count 2. The co-conspirator's cooperation resulted in Stevenson's indictment on Count 1. Thus, Counts 1 and 2 are interrelated because the retaliation charge is connected to the underlying substantive conspiracy charge. Further, there is evidentiary overlap between the two counts that supports their relatedness. Evidence of Stevenson's alleged retaliation

3

would be admissible in a standalone conspiracy to distribute a controlled substance trial as an act in furtherance of the conspiracy and to prove the existence of an agreement. *See id.* Likewise, evidence of the conspiracy would be admissible in a standalone retaliation trial to show that Stevenson retaliated against his co-conspirator for being a witness in the conspiracy trial, which is an element the government would have to prove. "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any actual prejudice if the two crimes are tried together." *United States v. Rodgers*, 732 F.2d 625, 630 (8th Cir. 1984) (quoting *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980)). Thus, the court finds that the joinder of Counts 1 and 2 is proper and that Stevenson will not suffer prejudice as a result of joinder.

## CONCLUSION

Joinder of Counts 1 and 2 is proper because they are interrelated. Severance of the counts is improper because Stevenson will not suffer prejudice. Thus, it is

ORDERED that Stevenson's motion to sever (Docket 192) is denied. Dated April 6, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
